RECEIVED
IN ALEXANDRIA, LA.

NOV 2 8 2012

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

WARD 3, AVOYELLES
     WATERWORKS DISTRICT        DOCKET NO.: 1:12-cv-1529

VERSUS

                               JUDGE DEE D. DRELL
CITY OF MARKSVILLE         MAGISTRATE JUDGE JAMES D. KIRK

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by defendant, City of Marksville, on July 30, 2012 (Doc. 11) which was referred to the undersigned for report and recommendation.

### Facts

Plaintiff, Ward 3, Avoyelles Water District ("Ward 3"), is a waterworks district and political subdivision created by the Avoyelles Parish Police Jury. Ward 3 was established to provide customers in its service area[1] with an adequate supply of water.

As a rural water district, Ward 3 enjoys the ability to borrow funds from the federal government which it did in 2002. A Water Revenue Bond in the amount of $435,000 was issued on December 17, 2002 for a term of 40 years. Thus, Ward 3 must make monthly payments of $2009.70 through December 17, 2042.

As a result of issuing the bond, Ward 3 enjoys the protection

---

[1] Ward 3 encompasses the town of Mansura, the property located within 250 feet on each side of the centerline of the Mansura-Hessmer Highway (State Route 114) from the Ward line separating Wards 3 and 4 to the corporation limits of the town of Mansura.

afforded under 7 U.S.C. §1926(b) which provides:

> The service provided or made available through any such association shall not be curtailed or limited by inclusion of the area served by such association within the boundaries of any municipal corporation or other public body, or by the granting of any such loan; nor shall the happening of any such event be the basis of requiring such association to secure any franchise, license, or permit as a condition to continue to serve the area served by the association at the time of the occurrence of such event.

Ward 3, the City of Marksville and the Village of Moreaville comprise the Avoyelles Water Commission ("AWC") which is a component of the Avoyelles Parish Police Jury. The AWC is governed by three commissioners, the president of Ward 3 and the mayors of Marksville and Moreauville.

The City of Marksville's customers include nearly all those who are within its municipal boundaries. However, customers situated in both the Ward 3 service area and the City of Marksville municipal limits are served by Ward 3.

At this time, Ward 3's pumping station is fed by a 24 inch water line which runs southbound and parallel to Louisiana Highway 1 (Hwy. 1). Two of its customers, Paragon Casino and a car wash, are serviced by a 12 inch water line owned by the Avoyelles Parish Police Jury and leased by Ward 3. This water line runs parallel to Hwy. 1 on the northbound side and runs through Ward 3 into the City of Marksville. The City of Marksville uses this 12 inch pipeline to service its customers.

A planned expansion of Hwy. 1 requires the removal and/or

relocation of the 12 inch water line.  In order to continue to provide water to those customers serviced by the 12 inch water line, AWC plans fund the extension of the 24 inch line from Wal-Mart (where it currently ends), though Ward 3's service area and up to the southern bank of the Coulee des Grues.  AWC proposes that the City of Marksville fund the remainder of the extension from the southern bank of Coulee des Grues to the City of Marksville's water facilities.  Thereafter, the City of Marksville would own and control the extended portion of the 24 inch water line.

Ward 3 contends that control of that portion of the water line would compete with its ability to provide water to customers in its service area.  In support, they cite a contract entered into between the City of Marksville and the Paragon Casino wherein the Paragon Casino agreed to provide a right of way to the 24 inch water line and the City of Marksville agreed to offer water to the Paragon Casino at a set price for a period of 20 years.

<u>Law and Analysis</u>

<u>Justiciability</u>

Article III, Section 2 of the United States Constitution limits the federal courts' power to deciding only "cases" or "controversies".  To determine whether the issues before the court are justiciable, that is, they present a case or controversy, one must examine the justiciability doctrines.

In the instant case, the City of Marksville invokes the

doctrines of standing (whether an injury has been sustained) and ripeness (whether a suit is premature) in support of their contention that the case should be dismissed. Specifically, it contends no injury has occurred as it has not sold water to any of Ward 3's customers nor otherwise prevented Ward 3 from providing water to any of its customers. The City of Marksville further argues that an injury is not imminent as the 24" pipeline has not been constructed.

In response, Ward 3 argues that it does have standing as the City of Marksville has a signed contract to sell water to Paragon Casino, approval has been provided to fund, construct and own the planned extension of the 24" pipeline and the mayor has verbally indicated the City of Marksville intends to sell water to the Paragon Casino and a new business located in the Ward 3 service area.

In support of its argument that the mere existence of a contract establishes standing, Ward 3 cites the cases of Jennings Water, Inc. V. City of North Vernon, Ind., 682 F.Supp. 421, 425 (S.D.Ind. 1988), affirmed, 895 F.2d 311, 315 (7th Cir. 1989) and Adams County Regional Water Dist. V. Village of Manchester, Ohio, 226 F.3d 513 (6th Cir. 2000). Ward 3 also relies upon the case of Pittsburg County Rural Water District No. 7 v. City of McAlester, 358 F.3d 694, 720 (5th Cir. 2004) which found a protected water district had standing to bring suit once its customer claimed it

4

had a right to receive water from another entity.  Though Paragon
Casino is a customer of Ward 3, there is simply no evidence it has
exercised the option in the contract.  To do so at this time would
be impossible as the water line has not been constructed.  Thus,
Jennings and Adams are inapposite as they involved contracts
providing for the immediate sale of water to the water district's
customer.  Additionally, Pittsburg is inapposite as this case does
not involve any customer asserting a right to obtain water from
another district.

> 'A court should dismiss a case for lack of "ripeness"
> when the case is abstract or hypothetical.'  'The key
> considerations are 'the fitness of the issues for
> judicial decision and the hardship to the parties of
> withholding court consideration.'  'A case is generally
> ripe if any remaining questions are purely legal ones;
> conversely a case is not ripe if further factual
> development is required.'  However, 'even where an issue
> presents purely legal questions, the plaintiff must show
> some hardship in order to establish ripeness.'

Choice Inc. of Texas v. Greenstein, 691 F.3d 710, 715 (5th Cir.
2012)(internal citations omitted).  Additionally, "a claim is not
ripe for adjudication is it rests upon 'contingent future events
that may not occur as anticipated, or indeed may not occur at
all.'" Texas v. United States, 523 U.S. 296, 298 (1988).

Additional factual development is needed for this case to
proceed.  While it is apparent that a water line will be
constructed so that the City of Marksville may continue to supply
water to its customers, there are no facts indicating when
construction will commence nor when the water line will be

5

functional.  Until that time, there is no immediate threat that Ward 3 will lose its customers to the City of Marksville.

Additionally, there is insufficient evidence to establish hardship.  The arguments in support are based upon speculation that the City of Marksville intends to violate §1926(b) and that customers will choose to obtain their water from the City of Marksville.  No evidence of either is before the court at this time.

In light of the fact the case is not ripe and, therefore, not justiciable, I will not consider the other arguments asserted in the motion to dismiss.

Conclusion

In light of the foregoing, **IT IS RECOMMENDED** that the City of Marksville's motion to dismiss (Doc. 11) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that this matter be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual**

6

findings and/or the  proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.   See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE AND SIGNED at Alexandria, Louisiana on this _____ day of November, 2012.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE