RECEIVED
JAN 1 6 2013
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| WARD 3, AVOYELLES WATERWORKS DISTRICT | CIVIL ACTION NO. 12-1529 |
| -vs- | JUDGE DRELL |
| CITY OF MARKSVILLE | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 15) suggesting Plaintiff's suit in this case under 7 U.S.C. § 1926(b) be denied and the case dismissed as unripe. Plaintiff has filed a timely objection to the Report and Recommendation (Doc. 16) and Defendant has responded (Doc. 20). After a de novo review of the entire file in this matter and concurring with the Magistrate Judge's findings under the applicable law, this Court adopts the Magistrate Judge's Report and Recommendation subject only to the modifications outlined herein.

A case or controversy must be ripe in order to be justiciable. The ripeness doctrine "prevents the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, Mo., 345 F.3d 570, 572 (8th Cir. 2003). Ripeness requires "examination of both the fitness of the issues for judicial decision and the hardship to the

parties of withholding court consideration." Id. at 572-73 (internal citations and quotations omitted).

The fitness inquiry considers "the court's ability to visit an issue" and "whether [the case] would benefit from further factual development." Id. at 573 (internal citations and quotations omitted). If the outcome of a case is contingent on future possibilities, then it is less likely to be ripe. Id. The hardship inquiry requires plaintiff to sustain or be in immediate "danger of sustaining some direct injury." Id. (internal citations and quotations omitted). In order for hardship to exist, the injury must be "certainly impending." Id.

In Pub. Water Supply Dist. No. 10, the District claimed the City was threatening to dissolve it and take over water service. Id. at 572. The United States Eighth Circuit determined the injury was speculative and not "certainly impending" because defendant had yet to file a petition for dissolution, and it was unclear whether a petition would ever be filed. Id. at 573-74. In the present case, any injury to Ward 3 is speculative and not "certainly impending" because the water line is not yet under construction and it is unclear if or when construction may begin. Furthermore, there has been no accepted agreement for the City to supply the car wash and Paragon Casino. Either of these triggers may result in possible further review.

This case requires further factual development in order for us to determine whether an injury is "direct, immediate, or certain to occur." Id. at 573.

Accordingly,

This suit is DISMISSED, without prejudice.

SIGNED on this 15 day of January, 2013 at Alexandria, Louisiana.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT